IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR OROZCO, #B-72146, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-00995-SMY ) |
| WEXFORD HEALTH SOURCES, BOSWELL PHARMACY SERVICES, JOHN COE, JAMES T, PHILL MARTIN, JENKINS L, R.D. MOORE, BETH TREDWAY, COUNSELOR HENTON, and NURSES JANE AND JOHN DOE, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Victor Orozco, who is currently incarcerated in Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 1). According to the Complaint, Plaintiff suffered from and sought treatment for abdominal pain from August 2014 through at least July 2016. (Doc. 1, p. 26). While at Lawrence, Plaintiff was diagnosed with "H-pylori" and "given some treatment" for the condition. (Doc. 1, p. 15). Plaintiff maintains that the "treatment he received was insufficient and did not stop his severe pain[,] causing ulcers and [irritable bowel syndrome]." *Id.* Plaintiff further asserts that despite his requests, medical service providers at Lawrence failed to refer him to an outside specialist for his abdominal pain, though he was given medication to treat his illness and was seen by Lawrence medical staff

1

many times. (Doc. 1, pp. 15-16, 18-21, 24). He claims that this conduct amounted to deliberate indifference to his medical needs in violation of the Eighth Amendment.

Plaintiff also claims that a policy of Wexford Health Sources ("Wexford") of minimizing costs at the expense of inmate care and "cheap" medicines supplied by Boswell Pharmacy Services ("Boswell") rendered these entities liable to him under the Eighth Amendment. (Doc. 1, pp. 25-28). Plaintiff seeks monetary damages and injunctive relief against the following defendants for alleged Eighth Amendment violations: Dr. John Coe, James T, Phill Martin, Jenkins L, R.D. Moore, Beth Tredway, Counselor Henton, Nurses John and Jane Doe, Wexford and Boswell. (Doc. 1, pp. 2-4).

## **Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint survives preliminary review, in part, under this standard.

## The Complaint

According to the Complaint, in late 2014, Plaintiff began suffering from "extreme pain in his stomach" which was diagnosed as being the result of "H-pylori" bacteria in his system. (Doc. 1, pp. 18-19). Even after this was treated with antibiotics, Plaintiff continued to suffer from abdominal pain, a burning sensation in his stomach and irritable bowel syndrome ("IBS") symptoms. *Id.* Plaintiff received medical care for these issues from various individuals at Lawrence, including Coe and James, for nearly two years, and the pain only increased in frequency. (Doc. 1, pp. 14, 19).

According to the allegations, Coe acted as Plaintiff's primary physician during the relevant period, meeting with him, ordering X-rays, indicating that Plaintiff may have ulcers or IBS and prescribing various forms of medication to address Plaintiff's pain, including reflux medicine (*e.g.*, Zantac), fiber and Imodium for IBS. (Doc. 1, pp. 16, 19, 21, 23). In the course of his prolonged treatment of Plaintiff, Coe allegedly failed to test Plaintiff for ulcers or IBS,

which Plaintiff alleges are the after-effects of H-pylori infections. (Doc. 1, p. 18). Further, though the medications prescribed did not ease Plaintiff's pain, Coe continued to prescribe them. (Doc. 1, pp. 23-24). He also kept Plaintiff on a harmful diet and refused to refer Plaintiff to an outside specialist when his course of treatment proved ineffective. (Doc. 1, pp. 39-40). This chosen course of treatment was allegedly in conformity with a policy that favors low cost treatments over effective patient care. (Doc. 1, pp. 31-32).

Plaintiff was also seen by James on several occasions and complained to him about his pain and course of treatment. (Doc. 1, p. 20). Although James indicated that his concerns would be addressed, they never were. (Doc. 1, p. 20). Plaintiff contends that these defendants, as well as Jenkins and Nurses John and Jane Doe, acted pursuant to Wexford's policy of favoring inexpensive treatment over effective treatment for prisoners. (Doc. 1, p. 31-32).

As against Wexford, Plaintiff alleges that it has a policy and practice of "providing the bare minimum amount of treatment for inmates in order to reduce Wexford's cost" and delaying follow-up treatments and referrals to outside specialists for inmates in need. (Doc. 1, pp. 25-26). In furtherance of this policy and practice, Wexford allegedly coerced Coe and the medical staff at Lawrence "to do nothing or very little" in treating Plaintiff. (Doc. 1, p. 7). Boswell supplied Lawrence with the medications that allegedly caused Plaintiff to suffer from further illness as a result of prolonged use. (Doc. 1, pp. 27-28).

Plaintiff further claims that he filed grievances with Henton, Tredway, Moore and Martin that were met with little action. Moore and Tredway ignored grievances that Plaintiff filed with "the warden" "seeking advice and medical care." (Doc. 1, p. 15). Henton received several highly detailed grievances regarding Plaintiff's medical condition and treatment but consistently deferred to the medical staff. (Doc. 1, pp. 58-63, 65-66). Similarly, Martin received complaints

4

from Plaintiff about his medical treatment and also deferred to the medical staff. (Doc. 1, p. 81).

Finally, Plaintiff refers in his Complaint to the conduct of entities not named in his caption or his defendant list, including Stateville and Lawrence Correctional Centers, the Administrative Review Board, the Illinois Department of Corrections and Springfield, Illinois. (Doc. 1, pp. 38-44). When parties are not listed in the caption, this Court will not treat them as defendants and any claims against them should be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Plaintiff now sues 9 named defendants, including 7 Lawrence officials, Wexford and Boswell and numerous unknown defendants, identified as Nurses John and Jane Doe. He asserts Eighth Amendment deliberate indifference to medical needs claims against them. (Doc. 1, pp. 9-10). Plaintiff seeks monetary damages and permanent injunctive relief relating to his medical care. (Doc. 1, pp. 46-48).

## Discussion

The Court finds it proper to divide the claims in the *pro se* Complaint into the following counts. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court.

> **COUNT 1:** Coe, James, Jenkins, and Nurses John and Jane Doe violated Plaintiff's Eighth Amendment rights by unnecessarily delaying his treatment for prolonged stomach pain of undiagnosed origin, maintaining a course of treatment that proved ineffective, and failing to further inquire into Plaintiff's condition or refer him to a specialist when his condition persisted.
>
> **COUNT 2:** Wexford maintained a policy, custom, and/or practice of elevating concerns regarding the cost of inmate care over the quality of care in order to minimize its costs in violation of Plaintiff's Eighth Amendment rights.

>   **COUNT 3:** Boswell violated Plaintiff's Eighth Amendment rights by supplying Lawrence with "cheap" medications that exacerbated Plaintiff's condition due to prolonged use.
>
>   **COUNT 4:** Henton, Martin, Moore, and Tredway violated Plaintiff's Eighth Amendment rights by taking inadequate steps to intervene and ensure his receipt of proper medical care upon receipt of grievances regarding the same.

### Count 1

The Eighth Amendment bars the cruel and unusual punishment of prisoners and prison officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment claim against a defendant, a prisoner must clear two hurdles. First, he must show that his medical condition is "objectively" serious and second, he must allege that the defendant acted with the requisite state of mind of deliberate indifference. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Plaintiff's prolonged abdominal pain with increasing frequency qualifies as serious, at least at this preliminary stage. *Miller v. Campanella*, 794 F.3d 878 (7th Cir. 2015) (delay in providing Zantac for inmate's gastroesophageal reflux disease, resulting in persistent pain, was a

"dereliction of medical duty"); *Greeno v. Litscher*, 13 Fed. Appx. 370, 375 (7th Cir. 2001) (severe prolonged stomach pain, vomiting blood, and constipation from excessive use of antacids considered a serious medical need); *Gutierrez*, 111 F.3d at 1373 (serious medical condition can include chronic pain). Thus, for screening purposes, Plaintiff has alleged the existence of an objectively serious medical condition.

Plaintiff must also establish that each defendant acted with deliberate indifference. To be sure, "medical malpractice, negligence, or even gross negligence" by a physician "does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). Deliberate indifference does not arise merely because a physician's treatments prove ineffective. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Nor does a constitutional violation occur when a doctor refuses to give a prisoner the exact treatment he prefers. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, deliberate indifference can exist if a professional's decision represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). Deliberate indifference may also occur when an official fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), persists with an ineffective course of treatment, *Greeno*, 414 F.3d at 655, delays treatment, or needlessly prolongs a prisoner's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Further, although "nurses may generally defer to instructions given by physicians, they have an independent duty to ensure that inmates receive constitutionally adequate care." *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015) (citing *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010)). When confronted with a questionable practice or clearly inappropriate treatment, a

nurse has a professional obligation to "take appropriate action" by discussing the nurse's concerns with the treating physician or contacting a supervisor. *Id.* Eighth Amendment claims against nurses, like other civil rights defendants, are still subject to the standard articulated in *Twombly*, however, and adequate factual content must be pled to sustain a claim against them.

Here, when the Complaint is construed liberally and all inferences are drawn in Plaintiff's favor, Plaintiff's claims that Coe and James knowingly persisted with an ineffective course of treatment state a claim for deliberate indifference against them at this juncture. Count 1 will therefore proceed against these defendants. However, this claim shall be dismissed against all other defendants without prejudice. Plaintiff fails to plead in any level of detail how Jenkins or Nurses John and Jane Doe contributed to or detracted from his care. His allegations against these defendants consist of bald assertions and bare legal conclusions that Plaintiff's Eighth Amendment rights were violated. Because Plaintiff has not adequately stated a claim against Jenkins and Nurses John and Jane Doe, these defendants will be dismissed without prejudice. Having failed to name any other defendants in connection with this claim, Count 1 shall be dismissed without prejudice against them.

**Count 2**

The Complaint also states a claim against Wexford for screening purposes. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Generally, choosing a treatment for a prisoner based on cost and not efficacy may be evidence of deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). However, bald allegations of deficient treatment

caused by an effort "to cut medical costs . . . does not plausibly suggest the existence of such a policy." *Myrick v. Anglin*, 496 Fed. App'x 670, 675 (7th Cir. 2012).

Plaintiff supported his claim that such a policy exists and was detrimental to his care by alleging that, in furtherance of the policy, Wexford coerced those responsible for Plaintiff's care to minimize costs. (Doc. 1, p. 7). At this early stage, the Court will allow Plaintiff's Eighth Amendment claims against Wexford to proceed. *See Brown v. Ghosh*, No. 09-cv-02542, 2010 WL 3893939, at *9 (N.D. Ill. Sept. 28, 2010) ("[T]he allegation that Wexford Health pressures medical care providers to deny medical care is specific enough to alert defendant to the policy he alleges infringes on his constitution right.") (citing *McDonald v. Wexford Health Sources*, No. 09-cv-4196, 2010 WL 3034529, at *3 (N.D. Ill. Jul. 30, 2010) (denying Wexford Health's motion to dismiss where the plaintiff alleged a similar policy)). Count 2 will therefore proceed against Wexford and shall be dismissed without prejudice against all other defendants because they are not named in connection with the claim.

**Count 3**

As a private company, Plaintiff's claims against Boswell must be analyzed in the same manner as his claims against Wexford. In the Complaint, Plaintiff does not allege that Boswell was responsible for any policy that caused the alleged constitutional violation. Further, there is no allegation suggesting that any individual acted or failed to act as a result of such a policy espoused by Boswell. Finally, unlike Wexford which may clearly be considered a "state actor" subject to suit under § 1983 in certain circumstances, Boswell's connection with the government, as a supplier of medications that are ultimately distributed to inmates, is far more attenuated and this Court has its doubts about whether it could be considered a state actor at all. Whether because it is not a state actor or because Plaintiff failed to show that it has policies that directly

caused the alleged constitutional violation, Count 3 against Boswell shall be dismissed without prejudice. Count 3 shall also be dismissed without prejudice against all other defendants because they are not named in connection with the claim.

### Count 4

Plaintiff alleges that Henton, Martin, Moore and Tredway violated his Eighth Amendment rights when they rejected or did not take action upon receipt of grievances or other requests or correspondence concerning Plaintiff's treatment. The denial of a grievance or the rejection of a letter by a prison official, standing alone, is generally not enough to violate the United States Constitution. *See, e.g., George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). However, a prison official may be liable if an inmate tells the official of an ongoing medical problem that is not being treated and the official does nothing. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015). Plaintiff's allegations against Moore and Tredway are insufficient to state a claim. However, the Court will allow the claim to proceed against Martin and Henton based on Plaintiff's more detailed factual allegations and grievances addressing these defendants.

For Plaintiff's claims against Moore and Tredway, Plaintiff asserts only that he filed grievances with "the warden" "seeking advice and medical care." (Doc. 1, p. 15). He does not say what he told "the warden" in these grievances about his medical issues or the conduct of his medical care providers, nor has he attached these specific grievances to his Complaint. With respect to Martin and Henton, Plaintiff did provide copies of the grievances that were addressed

to or by these particular defendants. Henton received multiple, highly detailed grievances regarding Plaintiff's medical condition and treatment and consistently deferred to the medical staff's chosen course of treatment, seemingly without further inquiry. (Doc. 1, pp. 58-63, 65-66). Martin similarly received requests from Plaintiff complaining about his medical treatment in some detail, and he also deferred to Coe. (Doc. 1, p. 81). There is no indication in the Complaint that Martin inquired further into the appropriateness of Plaintiff's treatment.

For the foregoing reasons, Plaintiff's claims in Count 4 against Martin and Henton shall proceed. Plaintiff's claims against Moore will be dismissed without prejudice for failure to state a claim against him upon which relief can be granted. Plaintiff similarly fails to state a claim against Tredway and Count 4 shall be dismissed without prejudice against her. Finally, this claim shall be dismissed without prejudice against all other defendants because they are not named in connection with Count 4.

### Injunctive Relief

Plaintiff includes a request for injunctive relief in his Complaint. Tredway, as the warden identified by Plaintiff as capable of carrying out the requested injunctive relief (Doc. 1, p. 37), will remain a defendant in this action in her official capacity only, for the sole purpose of carrying out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant in deliberate indifference case requesting injunctive relief as person "responsible for ensuring that any injunctive relief is carried out.").

### Pending Motions

Plaintiff has filed a Motion for Attorney Representation (Doc. 4) which is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **COE** and **JAMES**. This claim is **DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted against them.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **WEXFORD**. This claim is **DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted against them.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice** against all defendants for failure to state a claim upon which relief may be granted against them.

**IT IS FURTHER ORDERED** that **COUNT 4** shall **PROCEED** against **MARTIN** and **HENTON**. This claim is **DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted against them.

**IT IS FURTHER ORDERED** that because there are no viable claims against them, Defendants **MOORE**, **BOSWELL**, **JENKINS**, **TREDWAY** (individual capacity only) and **NURSES JOHN AND JANE DOE** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that as to **COUNTS 1, 2**, and **4**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants **COE**, **JAMES**, **WEXFORD**, **MARTIN**, **HENTON**, and **TREDWAY** (official capacity only). However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on these defendants, Plaintiff shall file a Motion for Service of Process at Government Expense, within 35 days of the date of entry of this order (on or before January 23, 2017). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing

forms and instructions for filing said motion.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have Defendants **COE**, **JAMES**, **WEXFORD**, **MARTIN**, **HENTON**, and **TREDWAY** (official capacity only) served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  *See* FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for each defendant, and shall forward the same to the United States Marshal for service.  If Plaintiff does not file a Motion for Service of Process at Government Expense within 35 days as ordered, the Clerk shall then prepare a summons for each defendant, and shall forward the summonses and sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have defendants served.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States

Marshal with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including a decision on Plaintiff's Motion for Attorney Representation (Doc. 4). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 19, 2016**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
