IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR OROZCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-995-SMY-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC, | ) |
| et. al, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Victor Orozco, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff asserts claims against Wexford Health Sources, Inc. ("Wexford"), Dr. John Coe, Travis James, Phill Martin, Beth Tredway, Counselor Henton, and Nurses Jane Doe and John Doe. He alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Following threshold screening, Plaintiff proceeds on the following counts:

Count 1: Defendants Coe and James violated Plaintiff's Eighth Amendment rights by unnecessarily delaying his treatment for prolonged stomach pain of undiagnosed origin, maintaining a course of treatment that proved ineffective, and failing to further inquire into Plaintiff's condition or refer him to a specialist when his condition persisted;

Count 2: Defendant Wexford maintained a policy, custom, and/or practice of elevating concerns regarding the cost of inmate care over the quality of care in order to minimize its costs in violation of Plaintiff's Eighth Amendment rights;

Count 4: Defendants Henton and Martin violated Plaintiff's Eighth Amendment rights by taking inadequate steps to intervene and ensure his receipt of proper medical care upon receipt of grievances regarding the same.

This matter is currently before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Wexford Health Sources, Inc. and Physician Assistant Travis James (Doc. 52). Plaintiff failed to file a response to defendants' motion. For the reasons set forth below, the motion is **GRANTED** as to Defendant Travis James and **DENIED** as to Defendant Wexford.

### FACTUAL BACKGROUND

In support of their motion, Defendants assert that Plaintiff did not describe Defendant James or timely grieve Defendant James' treatment and that no grievance in evidence mentions or describes Wexford. Because Plaintiff failed to file a response to Defendants' motion, the Court will look to the grievances attached to the Plaintiff's Verified Complaint (Doc. 1).

Plaintiff attached five grievances to his Complaint concerning the medical treatment he received for his stomach. His earliest grievance is dated July 27, 2015, and states that he has a burning in his stomach and would like to be seen by a gastroenterologist (Plaintiff's Complaint, Doc. 1 at 62-63). The grievance further states that "Dr. Coe" has failed to diagnose or treat his medical condition (*Id*.). This grievance was denied by the Chief Administrative Officer ("CAO") on November 10, 2015 and received by the ARB on November 30, 2015 (Doc. 53-1 at 12, 53-54). Plaintiff's grievance dated October 19, 2015, requests that he be given the proper diagnosis and medications as well as checkups needed for his illness, ulcers and burning of the stomach (Doc. 1 at 65-66). This grievance also specifically mentions the medical treatment provided by Dr. Coe (*Id*.). The grievance was denied by the ARB on July 19, 2016 (Doc. 53-1 at 12). Defendants acknowledge the October 19, 2015 and October 19, 2015 grievances exhaust Plaintiff's

administrative remedies as to Dr. Coe.

Plaintiff's grievance dated November 3, 2015, states that he has continually requested medical care for his stomach problems, but has been rejected and responded to in a laughing manner by Dr. Coe (Doc. 1 at 58-59). He requests to be taken care of in the proper manner and to be given the chance to see a gastroenterologist (*Id*.). The grievance was denied by the Correctional Counselor on December 10, 2015 (Doc. 53-1 at 18). The grievance was stamped received by the ARB, but the date is eligible (*Id*.). No further information is provided as to this grievance.

Plaintiff's grievance dated November 15, 2015, states that the conditions of the cells are unsanitary and that he believes these conditions are contributing to his stomach problems (*Id*. at 60-61). Plaintiff further alleges that Dr. Coe does not have the knowledge needed to address his medical problems and that he needs to see a gastroenterologist (*Id*.). This grievance was denied by the Correctional Counselor for being outside the 60 day timeframe (Doc. 53-1 at 22). The grievance was stamped received by the ARB, but again, the date is eligible (Id.). No further information is provided as to this grievance.

Plaintiff's grievance dated February 23, 2016, states that he is grieving, "staff conduct medical personnel, doctors, and dietary condition at Lawrence" (*Id.* at 52-53). Plaintiff states, "For over 1 ½ medical staff and Doctor Coe fail to diagnose my medical condition and fail to give me proper treatment and medications they are prolonging aid" (*Id*.). He asserts that Dr. Coe will not give him the test he needs and will not refer him to other doctors (*Id*.). The relief requested is to be seen by a gastroenterologist (*Id*.). This grievance contains no responses from officials at Lawrence (Doc. 53-1 at 25). The grievance was received by the ARB on February 26, 2016. The ARB responded on March 9, 2016, informing Plaintiff that he needed to provide additional

information needed to be provided (*Id.*). No further information is provided as to this grievance.

## LEGAL STANDARD

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit.

*Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense and the defendant bears the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). If a plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a laintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the

appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

Additionally, an inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but rather on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*.

Inmates are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## DISCUSSION

Defendants assert that Plaintiff did not describe Defendant James or timely grieve James's treatment of Plaintiff. Plaintiff's July 27, 2015 grievance is the earliest grievance regarding his

stomach issues that was sent to the ARB. James last treated Plaintiff on May 15, 2015. Thus, this grievance was written 73 days after the last treatment by James. Under the Illinois Administrative Code, an inmate is required to file a grievance within 60 days of the discovery of the occurrence that gives rise to the grievance. Therefore, Plaintiff's July 27, 2015 grievance was not timely as to any treatment provided by James. Significantly, the grievance specifically addresses treatment provided by Defendant Coe – not James. Plaintiff's other grievances are even more remote from the time James last treated Plaintiff. Moreover, no grievance in evidence mentions or identifies Defendant James. As such, Plaintiff did not exhaust his administrative remedies as to Defendant James.

Defendants also argue that Plaintiff failed to identify Defendant Wexford or to implicate any of its policies in the grievances he filed. However, as previously noted, Defendants acknowledge that Plaintiff's grievances of July 27, 2015 and October 19, 2015 exhaust his administrative remedies as to Dr. Coe.

The applicable regulations provide instructions for grievances concerning individuals, but omit any mention of corporate entities. *See* 20 Ill. Admin. Code § 504.810(c). "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Here, the grievances set forth Plaintiff's general complaint about the medical treatment of his stomach, the lack of treatment from Dr. Coe and the healthcare unit at Lawrence Correctional Center. "Where the plaintiff is claiming a broad denial of proper treatment by the health care unit as a whole, he will not be found at fault for failing to name Wexford itself." *Williams v. Carter*, 2012 WL 4815476, at *2 (N.D. Ill. 2012)*; see also Armbruster v. Wexford Health Sources, Inc.*, 2017 WL 2418724, at *6 (S.D. Ill. 2017); *Conley v. Birch*, 2012 WL 4202702, at *5 (S.D. Ill. 2012).

On this basis, the Court finds that the grievances of July 27, 2015 and October 19, 2015 provided sufficient notice to raise the issue of whether the policies or practices of Defendant Wexford resulted in inadequate medical treatment. Thus, Plaintiff exhausted his administrative remedies as to Wexford.

## CONCLUSION

The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Wexford Health Services, Inc. and Travis James (Doc. 52) is **GRANTED** as to Defendant Travis James and **DENIED** as to Defendant Wexford Health Services. Plaintiff's claims against Defendant Travis James are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: January 5, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
