IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR OROZCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-995-SMY-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, et al, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Sanctions (Doc. 61) filed by Defendants Wexford Health Sources, Inc. and John Coe, M.D. ("Wexford Defendants) and the Motion for Sanctions (Doc. 62) filed by Defendants Kyle Henton, Phill Martin and Anne Tredway ("IDOC Defendants"). For the reasons set forth below, the Motions for Sanctions are **GRANTED IN PART** and **DENIED IN PART**.

## Factual Background

Plaintiff Victor Orozco, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Orozco alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. He is proceeding on the following counts:

Count 1: Defendants Coe violated Plaintiff's Eighth Amendment rights by unnecessarily delaying his treatment for prolonged stomach pain of undiagnosed origin, maintaining a course of treatment that proved ineffective, and failing to further inquire into Plaintiff's condition or refer him to a specialist when his condition persisted;

Count 2: Defendant Wexford maintained a policy, custom, and/or practice of

> elevating concerns regarding the cost of inmate care over the quality of care in order to minimize its costs in violation of Plaintiff's Eighth Amendment rights;

Count 4: Defendants Henton and Martin violated Plaintiff's Eighth Amendment rights by taking inadequate steps to intervene and ensure his receipt of proper medical care upon receipt of grievances regarding the same.

On March 20, 2018, attorney Carla Tolbert, counsel for Wexford Defendants, properly noticed Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30 and mailed a copy of that notice to Plaintiff. Plaintiff's deposition was scheduled for April 18, 2018 at Centralia Correctional Center ("Centralia"). Plaintiff did not object. On April 18, 2018, counsel for Wexford Defendants, Plaintiff Orozco, and the court reporter were present at Centralia for Plaintiff's deposition; Assistant Attorney General Patel, representing IDOC Defendants, was present via video.

Prior to beginning the deposition Plaintiff informed counsel that he would not participate because he was not represented. Counsel for defendants requested that the court reporter create a record; Plaintiff refused to be sworn in and refused to answer any questions without an attorney. Plaintiff was reminded that the Court had denied his Motions for appointment of counsel; however he still refused to participate in the deposition. When asked whether he had agreed to participate in the scheduled deposition, Plaintiff repeatedly answered, "I plead the Fifth on that."

Defendants filed motions for sanctions pursuant to Rule 30 and 37 for Plaintiff's refusal to participate in good faith in his deposition. Wexford Defendants request reimbursement for the following expenses:

- Bill for Alaris Litigation services ($190.20);
- Attorney's mileage reimbursement form ($66.20, at the rate of 54 cents per mile);
- Attorney billed 4.3 hours for travel time, and time spent within Centralia Correctional Center, for attorney fees of $819.
- Total reimbursement requested is $1,075.40;

Further, Wexford Defendants request dismissal of Plaintiff's claim. Defendants argue dismissal

of Plaintiff's claims is an appropriate sanction in this case under Rule 37(b)(2) for willful failure to fully participate in his deposition. Sanctions under this rule are appropriate when a district court finds that a party failed to comply with a discovery order because of "willfulness, bad faith, or fault." *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Phillips Medial Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir.1992) (citing *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Ir. 1987). Defendants argue Plaintiff's behavior here evidenced all three.

IDOC Defendants request reimbursement for the transcription fee in the amount of $43.20, as well as dismissal of the case.

## Discussion

Rule 30 of the Federal Rules of Civil Procedure governs the manner in which depositions will occur. The Rule provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial …" and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P. 30(c)(1) and (2). There are only three instances when a deponent may not answer a question: (1) when it is necessary to preserve a privilege; (2) when the Court has imposed a limitation; or (3) when the party intends to file a Rule 30(d)(3) motion. *Id.* at 30(c)(2). A Rule 30(d)(3) motion can be filed to terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party." If a deponent "impedes, delays, or frustrates the fair examination," this Court may impose sanctions including reasonable attorney fees and costs. *Id*. at 30(d)(2).

A case may also be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696

(7th Cir. 2009). In this case, while Plaintiff failed to comply with Rules 30 and 33, his conduct does not necessitate the severe sanction of dismissal at this time. Plaintiff's Application for Leave to Proceed in Forma Pauperis was denied by Order (Doc. 9) of this Court because Plaintiff had the ability to pay the filing fee. The Court has determined in light of Plaintiff's financial status, a reasonable monetary fine is an appropriate sanction. The following is hereby **ORDERED**:

1. Plaintiff is **ORDERED** to reimburse Wexford Defendants the cost of the court reporting services in the amount of **$190.20** and IDOC Defendants the cost of the deposition transcript in the amount of **$43.20** by **June 10, 2018**. Failure to pay Defendants' costs by June 10, 2018 **SHALL** result in dismissal of this action for failure to obey a Court Order pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendants are **GRANTED** leave to reschedule the deposition of Plaintiff. Plaintiff is **INSTRUCTED** to respond to each and every deposition question directly, fully, and without objection. Plaintiff is **WARNED** that his failure to comply with Rule 30 and offer complete answers to each deposition question **SHALL** result in dismissal of this action.

3. Discovery deadline is extended to **June 10, 2018**.

4. The dispositive motion filing deadline is extended to **July 2, 2018**.

**IT IS SO ORDERED.**

**DATED: May 11, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**